IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:24-CV-01142 |
| | ) JUDGE CAMPBELL |
| IMPACT, | ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Impact. (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets of any kind, her monthly expenses total over $1200, and she does not expect any major changes to her monthly income or expenses in the next 12 months. (*Id.*) Plaintiff did not provide a residential address. It appears that Plaintiff may be unhoused.[1] Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

---

[1] Plaintiff lists $200-$300 in monthly "home maintenance" expenses. (Doc. No. 2 at PageID# 10). However, in most of the other IFP Applications Plaintiff filed in this Court in 2024, Plaintiff has not listed any such expenses. Further, in the instant case, there is an internal docket notation stating that "Ms. Maney is homeless. She said she would come in once a week to check status of case and pick up Orders."

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[2] the complaint alleges that she has "been actually raped [undecipherable] out in open public." (Doc. No. 1 at PageID# 3). Rather than writing a narrative of the alleged facts of her case, Plaintiff lists words and phrases such as "special military gangs" (*id*.) and "religious, who I am, no other reason, Holy Bible, I'm in atmosphere once again" (*id*. at PageID# 4). She states that her injuries are "to[o] lengthy to go into." (*Id*. at PageID# 5). She alleges the events giving rise to her claims occurred in 1988, 1995, 1996, 2000, 2009, and 2021 to present. (*Id*. at PageID# 4). As relief, Plaintiff asks for an order of protection, the reinstatement of her gun rights, "human body organs [undecipherable]", "the Dissection," emotional damages, intellectual damages, and other things the Court cannot decipher. (*Id*. at PageID# 5).

### IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2). While a complaint need not contain "magic words," it must contain factual allegations and make plausible the claim for relief. Plaintiff's complaint

---

[2] Plaintiff's handwritten complaints are so skeletal and nonsensical that it is difficult to distill her statements into coherent narratives and causes of action.

does not. Moreover, "[t]his Court is not 'required to create [Plaintiff]'s claims for [her],' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a pro se plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Bell v. Tennessee*, No. 1:11-cv-14, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000) (bracket in original)).

Moreover, the allegations set forth in the complaint such as claims concerning special military gangs, dissection, and human organs—to the extent that Court understands them—are frivolous and/or delusional.

In addition, some or all of Plaintiff's claims are subject to dismissal on statute of limitations grounds. Title 42 U.S.C. § 1983 itself does not contain a statute of limitations. "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The Sixth Circuit Court of Appeals has specifically noted that the applicable limitations period in Tennessee is one year, based on Tennessee Code Annotated § 28-3-104(a). *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Accordingly, the statute of limitations for Plaintiff's Section 1983 claims is one year. Because the acts of which she complains have been occurring for well over a year (according to Plaintiff), at least some of those claims would fall outside the one-year statute of limitations period.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal as frivolous and delusional under 28 U.S.C. 1915(e). Additionally, the complaint fails to state a federal claim upon which relief can be granted, and some claims are barred by the applicable statute of limitations in any event. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE